# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. THE TARBELL GROUP, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DUNLAP GOLF CLUB INC., PLEASANT VALLEY MANOR, PLEASANTVILLE FIRE RESCUE ASSOCIATION, and USA SOFTBALL OF IOWA<br><br>Defendants. | CASE NO: **4:25-CV-118-SMR-SBJ**<br><br><br>**DEFENDANT PLEASANT VALLEY MANOR'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND** |

**COMES NOW** Defendant, Pleasant Valley Manor ("Defendant"), by and through undersigned counsel, and for its Answer to the Complaint filed by Relator The Tarbell Group, LLC ("Relator"), states as follows:

## GENERAL DENIAL

Defendant denies that it violated the False Claims Act or any other provision of federal law. Defendant further denies each and every allegation contained in the Complaint not expressly and specifically admitted herein and demands strict proof thereof.

## ANSWERS TO SPECIFIC ALLEGATIONS

### Nature of the Case

1. Defendant admits that Relator purports to bring this action under the False Claims Act, 31 U.S.C. §§ 3729–3733. Defendant denies all remaining allegations in Paragraph 1.

**Jurisdiction and Venue**

2.     Defendant admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1345, and that venue is proper under 31 U.S.C. § 3732(a). Defendant denies any allegation that it committed an act proscribed by the False Claims Act.

**Parties—Relator**

3.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the Relator and therefore denies the same.

**Parties—501(c)(4) Defendants**

4.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the same.

5.     Defendant admits that Pleasant Valley Manor is an entity exempt from taxation under section 501(c)(4) of the Internal Revenue Code, 26 U.S.C. § 501(c)(4). Defendant admits that on the loan application(s) at issue herein, Defendant gave its address as 2371 330th Street, Eddyville, IA. Defendant denies any remaining allegations or characterizations in Paragraph 5 to the extent they imply wrongdoing.

6.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the same.

7.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same.

**Background**

8.     Defendant admits that Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, and subsequent amendments thereto, including

the Paycheck Protection Program Flexibility Act of 2020, Pub. L. 116-142, and the American Rescue Plan Act of 2021, Pub. L. 117-2. Defendant admits that the PPP Program transferred funds from the federal government to recipients via the United States Small Business Administration ("SBA") in the form of loans guaranteed, forgiven, and reimbursed by SBA. Defendant denies any characterization or implication in Paragraph 8 that is inconsistent with the actual text of the applicable statutes and regulations. The remaining allegations in Paragraph 8 constitute legal conclusions to which no response is required.

9. Defendant admits that applicants for PPP Loans were required to make certain certifications as part of the application process. Defendant denies that its certifications were false or fraudulent.

10. This paragraph states a legal conclusion regarding the eligibility of tax-exempt organizations for PPP Loans. The statutes, regulations, and SBA guidance referenced speak for themselves, and Defendant respectfully refers the Court to those authorities for their complete and accurate content. To the extent these paragraphs purport to state the full scope of the law governing PPP eligibility, Defendant denies the same and denies any characterization inconsistent with the actual statutory and regulatory text.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 as to "each" named defendant and therefore denies the same.

**PPP Loans**

12. Defendant lacks knowledge or information sufficient to form a belief as to

3

the truth of the allegations in Paragraph 12 and therefore denies the same.

13. Defendant admits that it received a PPP Loan and that such PPP Loan was forgiven. Defendant denies the remaining allegations in Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the same.

**Cause of Action**
**False Claims Act, 31 U.S.C. § 3729**

16. Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 as to "each" named defendant and therefore denies the same.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 as to "each" named defendant and therefore denies the same.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 as to "each" named defendant and therefore denies the same.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 as to "each" named defendant and therefore

denies the same.

## Prayer for Relief

21.     Defendant denies that Relator is entitled to any of the relief requested in Paragraph 21 or any other relief against Defendant.

## Jury Demand

22.     No response is required to Paragraph 22. To the extent a response is required, Defendant acknowledges that Relator has demanded a jury trial.

## <u>AFFIRMATIVE DEFENSES</u>

Without assuming the burden of proof on any issue for which such burden rests upon Relator, and without waiving any defense by failing to specifically identify it herein, Defendant asserts the following affirmative defenses:

1.     The Complaint fails to state a claim upon which relief can be granted against Defendant. Fed. R. Civ. P. 12(b)(6).

2.     The Complaint fails to plead the circumstances constituting fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

3.     Defendant lacked the requisite scienter to establish liability under the False Claims Act. The FCA imposes liability only where a defendant "knowingly" presents a false claim, which the statute defines as having "actual knowledge," acting in "deliberate ignorance of the truth or falsity," or acting in "reckless disregard of the truth or falsity" of information. 31 U.S.C. § 3729(b)(1)(A).

4.     There is an absence of falsity as Defendant's PPP Loan applications and certifications were not false. Defendant relied in good faith on the advice of its professional

5

advisors and on the guidance of the federal government.

5. The Complaint fails to plead materiality. Any alleged misrepresentation or omission by Defendant was not material to the government's payment decision.

6. Defendant's claims for PPP Loan funds and forgiveness were made with the full knowledge, cooperation, and approval of the United States Government, acting through the SBA and lenders. The Government reviewed Defendant's application, which disclosed its organizational identity and tax-exempt status, and nonetheless issued approval.

7. Relator's claims are barred, in whole or in part, by the public disclosure bar of 31 U.S.C. § 3730(e)(4).

8. The claims asserted against Defendant are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

9. The Complaint does not plead legitimate damages. To the extent Defendant used all PPP Loan proceeds for eligible payroll costs and other qualifying expenses, the United States suffered no actual damages.

10. Relator's claims are barred, in whole or in part, by the applicable statute of limitations under 31 U.S.C. § 3731(b).

11. To the extent the False Claims Act's qui tam provisions permit a private party to prosecute claims on behalf of the United States without meaningful government involvement, those provisions may violate Article II of the United States Constitution, including the Take Care Clause and the Appointments Clause. Defendant reserves the right to challenge the constitutionality of the qui tam provisions as applied in this case.

12. Defendant reserves the right to amend its Answer and assert additional

affirmative defenses as the facts and circumstances may warrant following further investigation, discovery, and the development of the factual record in this action. The identification of the foregoing defenses does not constitute an exhaustive listing of defenses available to Defendant. The failure to assert any defense or affirmative defense at this time shall not be deemed a waiver thereof.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a trial by jury on all issues so triable in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Pleasant Valley Manor respectfully requests that this Court enter judgment in its favor and against Relator and:

a.  Dismiss Relator's Complaint in its entirety with prejudice;

b.  Award Defendant its reasonable attorneys' fees, costs, and expenses incurred in defending this action;

c.  Enter such other and further relief as this Court deems just and proper.

DICKINSON, BRADSHAW, FOWLER & HAGEN, P.C.

By:      */s/ Theodore W. Craig*
Theodore W. Craig   AT0010226
Grant W. Gasner     AT0016078
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
Phone:      (515) 243-4191
Fax:        (515) 246-5808
E-Mail:     tcraig@dickinsonbradshaw.com
            ggasner@dickinsonbradshaw.com
ATTORNEYS FOR DEFENDANTS PLEASANT VALLEY MANOR

Original electronically filed.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing was filed electronically and served upon all counsel of record through the Court's CM/ECF system this 5th day of June, 2026.

Alan R. Ostergren
Alan R. Ostergren, P.C.
500 East Court Ave, Suite 420
Des Moines, IA 50309
Phone:    (515) 207-0134
E-Mail:    alan.ostergren@ostergrenlaw.com

Bruce Ellis Fein
***Pro hac vice counsel***
Bruce Ellis Fein, PLLC
P.O. Box 506
Great Falls, VA 22066
Phone:    (703) 248-0390
E-Mail:    bruce@newdream.net

ATTORNEYS FOR RELATOR THE TARBELL GROUP, LLC