**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

United States of America ex rel. The Tarbell
   Group, LLC,

     Plaintiff

        v.

Dunlap Golf Club Inc.,
Pleasant Valley Manor,
Pleasantville Fire Rescue Association,
USA Softball of Iowa, and
Unknown John or Jane Does,

     Defendants

Case no. 4:25-cv-118-SMR-SBJ

**FIRST AMENDED COMPLAINT**

**Nature of the Case**

1.  Relator The Tarbell Group, LLC, brings this action for itself and the United States under the False Claims Act, 31 U.S.C. §§ 3729-3733, to recover funds illegally obtained by the defendants under federal COVID-19 relief laws.

**Jurisdiction and Venue**

2.  The Court has jurisdiction of, and is the appropriate venue for, this matter because it arises under a federal law, because the United States is a plaintiff, and because in this judicial district each defendant can be found, resides, transacts business in, or committed an act proscribed by the False Claims Act. 28 U.S.C. §§ 1331, 1345; 31 U.S.C. § 3732(a).

**Parties—Relator**

3.  Relator The Tarbell Group, LLC, is a limited liability company located in and organized under the laws of the Commonwealth of Virginia.

**Parties—501(c)(4) Defendants**

4.    At all relevant times, Defendant Dunlap Golf Club Inc. self-reported to the Internal Revenue Service on its tax returns that it was an entity exempt from taxation under section 501(c)(4) of the Internal Revenue Code, 26 U.S.C. § 501(c)(4) ("Tax-Exempt 501(c)(4) Organization"). On the loan application(s) at issue herein, this defendant gave its address as 507 South 10th Street, Dunlap, IA.

5.    Defendant Pleasant Valley Manor is a Tax-Exempt 501(c)(4) Organization. On the loan application(s) at issue herein, this defendant gave its address as 2371 330th Street, Eddyville, IA.

6.    Defendant Pleasantville Fire Rescue Association is a Tax-Exempt 501(c)(4) Organization. On the loan application(s) at issue herein, this defendant gave its address as 1012 Business Highway 5, Pleasantville, IA.

7.    Defendant USA Softball of Iowa is a Tax-Exempt 501(c)(4) Organization. On the loan application(s) at issue herein, this defendant gave its address as 1126 Jensen Street, Iowa City, IA.

**Parties—Individual Defendants**

8.    Defendants Unknown John or Jane Does were at all relevant times directors, officers, employees, or otherwise agents by and through whom Defendants respectively acted.

**Background**

9.    To provide economic relief and stimulate the economy during the COVID-19 pandemic, Congress in 2020 enacted the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, amended by, inter alia, the Paycheck Protection Program Flexibility Act of 2020, Pub. L. 116-142 and the American Rescue Plan Act of 2021, Pub. L. 117-2 (2021) (together with implementing regulations, referred to herein as the "PPP Program"). The PPP Program effectively

transferred money from the federal government to eligible recipients via the United States Small Business Administration ("SBA"). The transfers took the form of private loans guaranteed, forgiven and reimbursed by SBA ("PPP Loans").

10. As a condition of receiving PPP Loans and forgiveness thereof, each applicant was required to certify its eligibility under the PPP Program.

11. To receive a PPP Loan, each applicant was required to complete, sign, and submit to a participating lender a borrower application form prescribed by SBA. On that form, the applicant was required to certify, among other things, that it was eligible to receive a PPP Loan under the rules in effect at the time of the application. Such certification was material to, and a prerequisite of, the approval and disbursement of each PPP Loan and SBA's guarantee thereof. But for such certification, an applicant could not and would not receive a PPP Loan.

12. To obtain forgiveness of a PPP Loan, each borrower was likewise required to complete, sign, and submit to its lender a forgiveness application form prescribed by SBA. On that form, the borrower was required to certify, among other things, its compliance with the requirements of the PPP Program, including its eligibility rules, and the truth and accuracy of the information provided. Each forgiveness application form advised the borrower that SBA could direct the lender to disapprove the application if SBA determined that the borrower was ineligible for its PPP Loan. Such certifications were material to, and a prerequisite of, forgiveness of each PPP Loan. But for such certifications, a borrower could not and would not obtain forgiveness.

13. The PPP Program at all times excluded Tax-Exempt 501(c)(4) Organizations from eligibility.

14. Each defendant, by and through the individual defendants who acted on its behalf, applied for and received a PPP Loan for which it was legally ineligible.

**PPP Loans**

15.    Dunlap Golf Club Inc. applied and received approval for a PPP Loan on April 15, 2021 (loan number 3552678800), in the amount of $16,625.00, and had said PPP Loan forgiven on November 1, 2021, in the amount of $16,714.27.

16.    Pleasant Valley Manor applied and received approval for a PPP Loan on February 13, 2021 (loan number 8712148405), in the amount of $3,860.00, and had said PPP Loan forgiven on November 5, 2021, in the amount of $3,887.88.

17.    Pleasantville Fire Rescue Association applied and received approval for a PPP Loan on April 2, 2021 (loan number 5185108702), in the amount of $14,395.00, and had said PPP Loan forgiven on February 3, 2022, in the amount of $14,515.68.

18.    USA Softball of Iowa applied and received approval for a PPP Loan on June 29, 2020 (loan number 6162028007), in the amount of $11,298.00, and had said PPP Loan forgiven on April 13, 2022, in the amount of $11,499.51.

**First Cause of Action**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(A) and (B)**
**First-Draw PPP Loan Applications**
**(Against All Institutional Defendants and Unknown John or Jane Does)**

19.    Relator repeats and realleges each of the foregoing paragraphs.

20.    Each defendant applied for and received a first-draw PPP Loan, which SBA approved on the date and in the amount alleged above.

21.    On its application form for its first-draw PPP Loan, each defendant other than USA Softball of Iowa certified that "The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) and the Department of the Treasury (Treasury) implementing the Paycheck Protection Program . . ."

22. Defendant USA Softball of Iowa, which applied for its first-draw PPP Loan on or about mid-2020, certified on its application form: "The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program . . ."

23. Each such certification was required as a material prerequisite to receive a PPP Loan.

24. Each such certification was false and known by the certifying defendant and the individual defendants acting on its behalf to be false within the meaning of the False Claims Act. Each defendant was ineligible for its first-draw PPP Loan because it was a Tax-Exempt 501(c)(4) Organization, which was at all times excluded from PPP eligibility.

25. By making the foregoing false certifications, each defendant and the individual defendants acting on its behalf did knowingly present, or cause to be presented, a false claim for payment or approval, and did knowingly make, use, or cause to be made or used, a false record or statement material to a false claim, in violation of 31 U.S.C. § 3729(a)(1)(A) and (B), to the injury of the United States.

**Second Cause of Action**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(A) and (B)**
**First-Draw PPP Loan Forgiveness Applications**
**(Against Dunlap Golf Club, Inc. and Unknown John or Jane Does)**

26. Relator repeats and realleges each of the foregoing paragraphs.

27. As an alternative or additional disqualification, Dunlap Golf Club, Inc. was ineligible for its PPP Loan as a private club which limited the number of memberships for reasons other than capacity. Such clubs were always excluded from PPP eligibility.

28. On its application form for its first-draw PPP Loan, Dunlap Golf Club, Inc. certified that "The Applicant is eligible to receive a loan under the rules in effect at the time this application

5

is submitted that have been issued by the Small Business Administration (SBA) and the Department of the Treasury (Treasury) implementing the Paycheck Protection Program . . .”

29. Such certification was required as a material prerequisite for Dunlap Golf Club, Inc. to receive a PPP Loan.

30. Such certification was false and known by Dunlap Golf Club, Inc. and the individual defendants acting on its behalf to be false within the meaning of the False Claims Act.

31. By making the foregoing false certifications, Dunlap Golf Club, Inc. and the individual defendants acting on its behalf did knowingly present, or cause to be presented, a false claim for payment or approval, and did knowingly make, use, or cause to be made or used, a false record or statement material to a false claim, in violation of 31 U.S.C. § 3729(a)(1)(A) and (B), to the injury of the United States.

**Third Cause of Action**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(A) and (B)**
**First-Draw PPP Loan Forgiveness Applications**
**(Against Dunlap Golf Club, Inc. and Unknown John or Jane Does)**

32. Relator repeats and realleges each of the foregoing paragraphs.

33. As an alternative or additional disqualification, Dunlap Golf Club, Inc. was ineligible for its PPP Loan because it was at all relevant times ineligible as a nonprofit business. PPP generally excluded nonprofit businesses. At the time Dunlap Golf Club, Inc., applied for and received its PPP Loan, PPP had recently been expanded to include “an organization described in any paragraph of section 501(c) of the Internal Revenue Code of 1986, other than paragraph (3), (4), (6), or (19),” with some exceptions. But at no relevant time did Dunlap Golf Club, Inc. meet the description of any paragraph of section 501(c).

34. On its application form for its first-draw PPP Loan, Dunlap Golf Club, Inc. certified that “The Applicant is eligible to receive a loan under the rules in effect at the time this application

is submitted that have been issued by the Small Business Administration (SBA) and the Department of the Treasury (Treasury) implementing the Paycheck Protection Program . . ."

35.     Such certification was required as a material prerequisite for Dunlap Golf Club, Inc. to receive a PPP Loan.

36.     Such certification was false and known by Dunlap Golf Club, Inc. and the individual defendants acting on its behalf to be false within the meaning of the False Claims Act.

37.     By making the foregoing false certifications, Dunlap Golf Club, Inc. and the individual defendants acting on its behalf did knowingly present, or cause to be presented, a false claim for payment or approval, and did knowingly make, use, or cause to be made or used, a false record or statement material to a false claim, in violation of 31 U.S.C. § 3729(a)(1)(A) and (B), to the injury of the United States.

**Fourth Cause of Action**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(A), (B), and (G)**
**First-Draw PPP Loan Forgiveness Applications**
**(Against All Institutional Defendants and Unknown John or Jane Does)**

38.     Relator repeats and realleges each of the foregoing paragraphs.

39.     Each defendant applied for and obtained forgiveness of its first-draw PPP Loan by submitting a forgiveness application form to its lender. SBA forgave each such loan on the date and in the amount alleged above.

40.     On the forgiveness application forms for their first-draw PPP Loans, defendants each certified: "The Borrower has complied with all requirements in the Paycheck Protection Program Rules (Sections 7(a)(36), (7)(a)(37), and 7A of the Small Business Act, the PPP interim final rules, and guidance issued by SBA through the date of this application)."

41.    Each forgiveness application form further advised the borrower that "SBA may direct a lender to disapprove the Borrower's loan forgiveness application if SBA determines that the Borrower was ineligible for the PPP loan."

42.    Each certification described above was required as a material prerequisite to obtain forgiveness of a PPP Loan.

43.    Each such certification was false and known by the certifying defendant and the individual defendants acting on its behalf to be false within the meaning of the False Claims Act, because each defendant had been ineligible to receive its first-draw PPP Loan, as set forth in the First Cause of Action, and therefore was not entitled to forgiveness of that loan.

44.    By making the foregoing false certifications, each defendant and the individual defendants acting on its behalf did knowingly present, or cause to be presented, a false claim for payment or approval; did knowingly make, use, or cause to be made or used, a false record or statement material to a false claim; and did knowingly conceal, or knowingly and improperly avoid or decrease, an obligation to pay or transmit money or property to the United States government, in violation of 31 U.S.C. § 3729(a)(1)(A), (B), and (G), to the injury of the United States.

<strong>Prayer for Relief</strong>

45.    WHEREFORE, Relator prays for the following relief against each defendant:

    a.    A declaration that each defendant did violate the False Claims Act;

    b.    An amount thrice the amount of PPP Loans and interest forgiven or otherwise not repaid with respect to each defendant, lending fees paid by SBA, foregone interest, and all other damages suffered by the United States government, plus civil penalties and applicable interest, under 31 U.S.C. § 3729(a)(1);

c.    The cost of this civil action, apportioned to each defendant respectively in proportion to its share of the aggregate damages recouped herein, under 31 U.S.C. § 3729(a)(3);

d.    An award to relator, including its reasonable expenses, attorneys' fees, and costs, under 31 U.S.C. § 3730(d)(1) or (2), as applicable; and

e.    Such other and further relief as may be just and proper.

**Demand for Jury Trial**

46.    Relator demands a trial by jury.

Respectfully submitted,

/s/ Alan Ostergren                              /s/ Bruce Ellis Fein

Alan R. Ostergren                               Bruce Ellis Fein
Alan R. Ostergren, P.C.                         Bruce Ellis Fein, PLLC
500 East Court Avenue                           *Pro hac vice*
Suite 420                                       P.O. Box 506
Des Moines, IA  50309                           Great Falls, VA 22066
alan.ostergren@ostergrenlaw.com                 bruce@newdream.net
515-207-0134                                    703-248-0390

*Attorneys for Relator*