**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. THE TARBELL GROUP, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> DUNLAP GOLF CLUB INC., PLEASANT VALLEY MANOR, PLEASANTVILLE FIRE RESCUE ASSOCIATION, and USA SOFTBALL OF IOWA <br><br> Defendants. | CASE NO: **4:25-CV-118-SMR-SBJ** <br><br><br> **DEFENDANT PLEASANT VALLEY MANOR'S BRIEF IN SUPPORT OF MOTION TO STRIKE THE FIRST AMENDED COMPLAINT** |

**COMES NOW** Defendant, Pleasant Valley Manor ("PVM"), by and through undersigned counsel, and respectfully submits this Brief in Support of its Motion to Strike the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f).

**TABLE OF CONTENTS**

**INTRODUCTION** ........................................................................................................ 2

**PROCEDURAL BACKGROUND** ............................................................................ 3

**LEGAL STANDARD** ................................................................................................ 4

**ARGUMENT** .............................................................................................................. 4

   **I.**   **The First Amended Complaint Should be Stricken Because it Was Filed Without Leave of Court or Written Consent After the Rule 15(a)(1)(B) Deadline.** 4

   **II.**   **In the Alternative, If the Court Treats the Filing as an Implicit Motion for Leave to Amend, Leave Should be Denied.** ............................................... 7

      **A.**  **The Amendment Is Futile Because the First Amended Complaint Fails to State a Claim.** ....................................................................................... 7

      **B.**  **FCA-Specific Procedural Arguments Support Denial of Leave.** .................. 10

**C.  Relator Has Acted in Bad Faith and with Dilatory Motive.** ........................ 12

**CONCLUSION** ................................................................................................ 12

## INTRODUCTION

On July 14, 2026—eighteen days after the deadline for amendment as a matter of course had expired—The Tarbell Group, LLC ("Relator" or "Tarbell") filed a First Amended Complaint (Doc. 23) without seeking or obtaining leave of court and without securing written consent from any Defendant. This filing violates the clear strictures of Federal Rule of Civil Procedure 15(a) and should be stricken.

Rule 15(a)(1)(B) provides that a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or the filing of a motion under Rule 12(b), (e), or (f), whichever is earlier. Here, PVM filed its Answer on June 5, 2026. The 21-day window therefore closed on June 26, 2026. Relator's amendment, filed on July 14, 2026, came too late.

Even if the Court were to treat the filing as an implicit motion for leave to amend, leave should be denied. The First Amended Complaint is futile because it still fails to state a claim: it does not plausibly plead the scienter element of a False Claims Act claim, fails to meet Rule 9(b)'s heightened particularity standard, and is barred by the FCA's public disclosure bar. Moreover, Relator acted in bad faith by filing the amendment to circumvent dispositive motions filed in the related case, No. 4:25-cv-119-RGE-SBJ, that point out flaws in the strikingly similar Original Complaints filed in each case. This Court should not condone such gamesmanship.

Finally, unique FCA policy considerations—particularly the government's need for complete information at the intervention stage—independently support denial.

**PROCEDURAL BACKGROUND**

This is a *qui tam* action brought under the False Claims Act, 31 U.S.C. §§ 3729–3733, in which Relator alleges that various Iowa nonprofit organizations submitted false claims by certifying eligibility for Paycheck Protection Program ("PPP") loans while purportedly ineligible due to their tax-exempt status.

Relator filed the Original Complaint under seal on April 1, 2025 (Doc. 1). On January 8, 2026, the United States Attorney for the Southern District of Iowa filed a Notice of Election to Decline to Intervene. The case was unsealed on approximately February 23, 2026, and the Clerk issued summonses on February 25, 2026.

On June 5, 2026, PVM filed its Answer to the Original Complaint (Doc. 13). On July 14, 2026—eighteen days after the 21-day deadline expired on June 26, 2026—Relator filed the First Amended Complaint (Doc. 23). The First Amended Complaint expands the case from one original cause of action in the April 2025 Complaint to four causes of action and adds "Unknown John or Jane Does" as parties, now spanning ten pages instead of an original five. Relator did not seek or obtain leave of court. Relator did not secure written consent from any opposing party.

This case is a sister case to 4:25-cv-119, involving identical plaintiffs and identical false claims act claims. That sister case has pending 12(b)(6) motions to dismiss that identify severe deficiencies in the claims and pleadings of Relator that are equally applicable to this matter. In both cases, Relator filed First Amended Complaints without

seeking leave and beyond the Rule 15 deadlines for the clear purpose of attempting to address and cure pleading deficiencies identified in motions to dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter" and to act "on its own" or "on motion made by a party." Courts also possess inherent authority to manage their dockets and to strike filings that violate procedural rules. *See Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1062–63 (8th Cir. 2000) (recognizing courts' inherent power to manage proceedings).

Where a party files an amended pleading after the period for amendment as a matter of course has expired and without obtaining leave or consent, the filing is a nullity and may be stricken. *Tonea v. Bank of Am., N.A.*, 6 F. Supp. 3d 1331, 1339 (N.D. Ga. 2013) (granting motion to strike and directing Clerk to strike unauthorized amended pleading).

## ARGUMENT

I.    **The First Amended Complaint Should be Stricken Because it Was Filed Without Leave of Court or Written Consent After the Rule 15(a)(1)(B) Deadline.**

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading *once* as a matter of course within:

> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

After this window closes, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, PVM filed its Answer to the Original Complaint on June 5, 2026 (Doc 13). Twenty-one days from June 5, 2026, is June 26, 2026. Relator did not file the First Amended Complaint until July 14, 2026—eighteen days after the deadline expired. Relator did not obtain the written consent of any opposing party. Relator did not obtain leave of court. The First Amended Complaint was therefore improperly filed.

In multi-defendant cases, the first responsive pleading triggers the deadline for all parties. Relator cannot argue that the deadline was somehow extended by Defendant Dunlap Golf Club, Inc.'s Answer filed on June 29, 2026, or any other filing. The Rule 15(a)(1)(B) clock began to run on June 5, 2026. "The Committee Notes on the 2009 Amendment further clarify that the 21-day time period designated in Rule 15(a)(1)(B) does not operate cumulatively." *Kieffer v. Tundra Storage LLC*, No. CIV. 14-3192 ADM/LIB, 2015 WL 5009012, at *2 (D. Minn. Aug. 21, 2015) (citing the Committee Notes: "If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period.").

In *Kieffer v. Tundra Storage LLC*, the court squarely addressed this issue. *See id*. Rejecting the plaintiff's argument that each defendant's filing triggers a new 21-day period, the court held that "the plain language of the rule, as well as the advisory committee notes regarding the 2009 rule amendments, dictate that [p]laintiff's 21-day clock to amend as a matter of course began to run" at the first responsive pleading. *Id.* at *3.

*Trujillo v. City of Newton, Kan.*, No. 12-2380, 2013 WL 535747, at *1 (D. Kan. Feb. 12, 2013) is instructive to the situation presented here. In that case, the plaintiff brought a civil rights action against both city and county defendants. *Id.* The city defendants filed an answer to the plaintiff's original complaint on August 3, 2012. *Id.* The county defendants filed a motion to dismiss on August 10, 2012. *Id.* On August 31, 2012, 28 days after the city defendants' answer and 21 days after the county defendants' motion to dismiss, the plaintiff filed an amended complaint without leave of court, arguing that she was entitled to do so as a matter of course under Rule 15(a)(1). *Id.* Although the plaintiff met the 21-day requirement for the county defendants, the court held that plaintiff did not satisfy Rule 15(a)(1) to amend as a matter of course. In so finding, the court explained that "the plain language of the rule, as well as the advisory committee notes regarding the 2009 rule amendments, dictate that [p]laintiff's 21-day clock to amend as a matter of course began to run on August 3, when the [city] [d]efendants filed their responsive pleading." *Id.* Even though the answer and motion to dismiss were filed by different parties, the 21-day time period began to run at the filing of the earliest responsive pleading or motion under Rule 12(b), (e), or (f).

Such is the situation here. Although Kieffer may have filed his Second Amended Complaint within 21-days of certain Defendants' Motions to Dismiss, the first responsive pleading was filed on April 13, 2015. The time period in Rule 15(a)(1)(B) does not run cumulatively. The 21-day period to amend therefore began to run on April 13 and did not reset when subsequent pleadings and motions were filed. The time to amend as a matter of course expired on May 4, ten days before Kieffer's Second Amended Complaint was filed. Therefore, even if the Court were to construe Kieffer's First Amended Complaint as the original operative pleading in this matter, Kieffer still did not satisfy the requirements to amend as a matter of course under the Rules.

*Id.*

Applying these authorities, PVM's Answer filed on June 5, 2026, triggered the 21-day clock. The later Answer on June 29, 2026, did not restart or extend that period. Relator's amendment, filed on July 14, 2026, is therefore untimely to amend as a matter of right. *See Tonea*, 6 F. Supp. 3d at 1339 (court granting defendant's motion to strike

6

plaintiff's "Addendum to the Complaint" because it was filed outside the 21-day period and without obtaining consent or seeking leave).

## II. In the Alternative, If the Court Treats the Filing as an Implicit Motion for Leave to Amend, Leave Should be Denied.

There is not an absolute right to amend pleadings. *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007); *accord Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008); *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). Leave to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Brown v. Kerkhoff*, 504 F. Supp. 2d 464, 478 (S.D. Iowa 2007).

### A. The Amendment Is Futile Because the First Amended Complaint Fails to State a Claim.

"Amendment is futile where the proposed amended complaint fails to state a claim under the analysis for a Rule 12(b)(6) motion." *Block v. Toyota Motor Corp.*, 795 F. Supp. 2d 880, 886 (D. Minn. 2011) (citing *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010)). Pleading deficiencies that subject the original Complaint to dismissal, addressed at length in motions filed in the sister case and discussed below, are not resolved in the First Amended Complaint. The First Amended Complaint is therefore futile for three independent reasons.

### 1. The Amended Complaint Fails to Plausibly Plead Knowledge.

7

First, knowledge is still not plausibly pled. The FCA imposes liability only where a defendant "knowingly" submits a false claim. 31 U.S.C. § 3729(a)(1)(A). "Knowingly" means that the person had "actual knowledge," acted with "deliberate ignorance," or acted with "reckless disregard" of the truth or falsity of the information. 31 U.S.C. § 3729(b)(1). To survive a motion to dismiss, a relator must allege *specific facts* giving rise to a plausible inference of scienter—not merely recite the statutory elements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–81 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The First Amended Complaint—even with Tarbell still trying to get a second bite at the apple—alleges no facts showing *how or why* PVM supposedly knew it was ineligible or any facts regarding knowledge. It alleges no facts about what information was available to PVM, what guidance it relied on, what its understanding of the evolving PPP rules were, or what any particular officer, employee, or agent of PVM believed at the time of application.

This is precisely the kind of "conclusory allegation" that *Iqbal* holds insufficient: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 556 U.S. at 678. Without individualized factual allegations supporting an inference of scienter as to PVM, the First Amended Complaint fails to state a claim. The Amended Complaint adds nothing regarding this vital requirement.

2. **The Amended Complaint Fails to Plead Fraud with the Particularity Required by Rule 9(b).**

Because FCA claims sound in fraud, they must be pleaded with the particularity required by Federal Rule of Civil Procedure 9(b). *United States ex rel. Joshi v. St. Luke's*

*Hosp., Inc.*, 441 F.3d 552, 556–57 (8th Cir. 2006). A relator must "provide some representative examples of [defendants'] alleged fraudulent conduct, specifying the time, place, and content of their acts and the identity of the actors." *Id.*

The First Amended Complaint fails to meet this standard. It alleges in generic, group-pleading fashion that all defendants made certain certifications. But as to PVM, it does not identify who specifically made the allegedly false certification, what specifically that person knew or believed at the time, when specifically, the certification was made (beyond a general reference to the pandemic era), or what specific information contradicted the certification at the time it was made.

FCA relators cannot rely on "group pleading." *See United States ex rel. Hendrickson v. Bank of Am., N.A.*, 343 F. Supp. 3d 610, 635 (N.D. Tex. 2018) (Relator's vague group pleading approach cripples his ability to establish scienter), aff'd, 779 F. App'x 250 (5th Cir. 2019); *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824–25 (8th Cir. 2009) (affirming denial of leave to amend where relator could not articulate how amendments would cure Rule 9(b) deficiencies). The First Amended Complaint's generic allegations are thus insufficient.

### 3. The Complaint Is Barred by the Public Disclosure Bar, 31 U.S.C. § 3730(e)(4).

The FCA's public disclosure bar provides that "[t]he court shall dismiss an action" "unless . . . the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A). Every factual allegation in the First Amended Complaint is derived from two publicly available sources: (1) the SBA's PPP loan database, which is publicly

9

accessible and was the subject of multiple federal reports and media disclosures; and (2)

publicly available IRS records reflecting the tax status of Defendants. Additionally,

Relator's suit was filed <u>after</u> numerous news media outlets reported "substantially the same

allegations or transactions as alleged in the action or claim" Relator has brought here.[1]

Relator does not allege any independent knowledge, any insider information, or any

investigation conducted beyond reviewing these public databases. *See Grant ex rel. United*

*States v. Zorn*, 107 F.4th 782, 790–93 (8th Cir. 2024) (analyzing public disclosure bar in

the context of publicly available government data).

Because the "transactions and allegations" forming the basis of this action were

publicly disclosed before Relator filed suit, and because Relator is not an "original source"

who has direct and independent knowledge of the information, the action is barred. 31

U.S.C. § 3730(e)(4)(A)–(B).

### B. FCA-Specific Procedural Arguments Support Denial of Leave.

The FCA requires a *qui tam* relator to serve a copy of the complaint on the

government and disclose "substantially all material evidence and information" to the

government to allow it to decide whether to intervene. 31 U.S.C. § 3730(b)(2). "[A]llowing

---

[1] *See, e.g.*, Honolulu Star Advertiser, "Some Hawaii social clubs usurp paycheck protection loans," September 6, 2020, available at https://www.staradvertiser.com/2020/09/06/hawaii-news/hawaii-social-clubs-improperly-use-loans/ (last visited July 1, 2026); WLRM Public Media, "Dozens of Florida country Clubs and HOA's are being sued over alleged PPP fraud," December 19, 2023, available at https://www.wlrn.org/law-justice/2023-12-19/dozens-of-florida-country-clubs-and-hoas-are-being-sued-over-alleged-ppp-fraud (last visited July 1, 2026); Law 360, "HOAs in Crosshairs of 'Serial Relators' for Alleged PPP Fraud," February 9, 2024, available at https://www.crowell.com/a/web/3sMWtaHFjoeUWiV9xtJJG/hoas-in-crosshairs-of-serial-relators-for-alleged-ppp-fraud.pdf (last visited July 1, 2026).

a *qui tam* relator to amend his or her complaint after conducting further discovery would mean that the government will have been compelled to decide whether or not to intervene absent complete information about the relator's cause of action." *United States ex rel. Joshi v. St. Luke's Hosp.*, 441 F.3d at 552 (quoting *United States ex rel. Karvelas v. Melrose–Wakefield Hosp.*, 360 F.3d 220, 231 (1st Cir. 2004) (internal quotation omitted).

Here, the government declined to intervene in January 2026 based on the Original Complaint—a pleading that contained only one cause of action. Relator's First Amended Complaint now asserts four causes of action and vastly expands the scope of the allegations. Allowing this amendment would mean the government made its intervention decision based on materially incomplete information, undermining the fundamental statutory framework of section 3730(b)(2). This is precisely the scenario the Eighth Circuit warned against in *Joshi*.

Moreover, the Eighth Circuit has made clear that relators do not have an "absolute or automatic right to amend" in the FCA context. *Lee*, 413 F.3d at 749; *Roop*, 559 F.3d at 822 ("plaintiffs do not enjoy 'an absolute right to amend' a deficient FCA Complaint"). In *Roop*, the court called the relator's argument that he only became aware "of the facts which the Court believed were required to be set forth with particularity" after dismissal "balderdash," and affirmed denial of leave to amend. 559 F.3d at 823. Here, Relator's position is analogous: having filed a deficient complaint, Relator now seeks to dramatically expand its allegations without following the proper procedural channels.

### C. Relator Has Acted in Bad Faith and with Dilatory Motive.

The timing and manner of Relator's filing demonstrates bad faith and dilatory motive. Two critical facts are beyond dispute: first, Relator filed the First Amended Complaint on July 14, 2026 after a deadline to amend. Second, Relator did not merely correct minor deficiencies; it expanded the Complaint from one cause of action to four, evidencing a strategic decision to reformulate its case rather than defend its original deficient pleading on the merits.

The Court should not reward this litigation strategy. Moreover, the prejudice to PVM and other defendants in this action is significant. PVM filed its Answer and has been preparing its defense based on the Original Complaint.

## CONCLUSION

For the foregoing reasons, Defendant Pleasant Valley Manor respectfully requests that this Court:

1.    Strike the First Amended Complaint (Doc. 23) as improperly filed without leave of court, without written consent of the opposing parties, and outside the time permitted by Rule 15(a)(1)(B);

2.    In the alternative, if the Court treats the filing as an implicit motion for leave to amend, deny leave to amend on the grounds of futility, bad faith, dilatory motive, and the unique policy considerations applicable to False Claims Act cases;

3.    Direct the Clerk of Court to strike Doc. 23 from the docket;

4.    Reinstate the Original Complaint as the operative pleading; and

5.      Grant such other and further relief as the Court deems just and proper.


DICKINSON, BRADSHAW, FOWLER & HAGEN, P.C.

By:      */s/ Theodore W. Craig*
          Theodore W. Craig   AT0010226
          Cody J. Edwards      AT0010913
          Grant W. Gasner      AT0016078
          801 Grand Avenue, Suite 3700
          Des Moines, IA  50309-8004
          Phone:      (515) 243-4191
          Fax:        (515) 246-5808
          E-Mail:     tcraig@dickinsonbradshaw.com
                      cedwards@dickinsonbradshaw.com
                      ggasner@dickinsonbradshaw.com

ATTORNEYS FOR DEFENDANT PLEASANT VALLEY
MANOR


Original electronically filed.



## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed electronically and served upon all counsel of record through the Court's CM/ECF system this 29th day of July, 2026.


                      */s/ Cynthia Dillinger*


13